Jose LAGUNAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71649.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 31, 2004.

Andrew J. Vazquez, Esq., Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jose Lagunas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review constitutional claims de novo, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001), and we deny the petition for review.

Lagunas' due process challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche.* *See* 350 F.3d at 849–52.

To the extent Lagunas contends that his due process rights were violated because the IJ used "no standard in law" to determine that he failed to demonstrate "exceptional and extremely unusual hardship," that contention fails because the IJ's interpretation of the hardship requirement comports with the statutory language and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

congressional intent. *See* 8 U.S.C. § 1229b(b)(1)(D); *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir. 2003).

The Clerk is directed to stay the mandate pending issuance of the mandate in *Desta v. Ashcroft,* No. 03–70477, and further order of this Court.

**PETITION FOR REVIEW DENIED.**